RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT

10 SEP -8 PM 4: 10

No. 08-1022

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TINA GARCIA,

    Appellant,

Vs.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned subsidiary of the Guardian Life Insurance Company, and THE GUARDIAN LIFE INSURANCE COMPANY

    Appellee

**APPELLANT'S STATUS REPORT TO THE COURT OF APPEALS**

Appellant's brain seizures began after Appellee Berkshire Insurance Company 'suspended' non cancelable, guaranteed, income replacement disability benefits on September 2009, in breach of the express policy terms and Colorado state law. Denied medical treatment, the Appellant is unable to sustain brain functioning to exercise her right to a fair evidentiary hearing without reasonable accommodations, as provided for and mandated under federal court rules.

This Report is submitted by Appellant with help from support advocates. The Report is submitted pursuant to Court Order dated March 30, 2010.

Discussion

The Appellees acknowledged the Appellant's disability, September 5, 2007. [Doc. #240]. Plaintiff (Appellant) motioned the district court for a protective order and for reasonable accommodations early in the discovery process because she is unable to effectively hear, process information, or communicate information due to her brain injury impairment. The Magistrate ignored Plaintiff's (Appellant's) pleas for protection and accommodations even after receiving Dr. Hipskind, a national brain injury expert report that Plaintiff's brain damage prohibited her ability to create false reports. See Hipskind affidavit attached. The district court record shows that the district court and defense counsel trivialized Plaintiff's (Appellant's) physical disability in order to demonize her.

Magistrate Boland struck Plaintiff's pleading from the record for her failure to effectively communicate written information. The stricken/eliminated pleading challenged the Magistrate's jurisdiction under federal court rules that say a Magistrate shall not preside over an evidentiary hearing without the express written permission of the parties. The eliminated pleading, supported by the Court's November 14, 2007 hearing transcript, provided documentary proof that Magistrate Boland recommended dismissing Plaintiff's case based on his misinterpreting Plaintiff's Traumatic Brain Injury and communication impairment as an indication of dishonesty; and the Magistrate relied on nothing more than the naked pleadings offered by the defense.

The law

The United States Courts has adopted a policy that all federal courts will "provide reasonable accommodations to persons with communications disabilities." These guidelines are published in Vol. I, Administrative Manual, Chapter III, General Management and Administration, Guide to Judiciary Policies and Procedures. [**Source**

**URL:** http://www.nad.org/issues/justice/courts/communication-access-federal-courts]
Magistrate Boland continues to deny this right to the disabled Plaintiff.

The Plaintiff refused consent to Magistrate Boland's jurisdiction over the remanded dispositive evidentiary hearing. Section 28§ 636(c)(1) says in relevant part, "Upon the consent of the parties, a magistrate judge may conduct any or all proceedings in a civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court he serves."

No fees may be assessed where there is no intent. Plaintiff is medically unable to conform to court procedures due to Berkshire's intentional withholding of benefits. Sanctions are appropriate when a party is 'cavalier or bent on misleading the court" *Herzfeld & Stern v. Blair*, 76 F.2d 645, 647 (10th Cir. 1985) or intentionally acts without a plausible basis, *Knorr Brake Corp. v Harbil*, Inc., 738 F.2d 223, 227 (7th Cir. 1984). These cases show that Plaintiff, not Berkshire, is entitled to fees under the circumstances. The medical testimony submitted to the Appellate Court proves that it is medically impossible for Plaintiff to comply with Court procedure without protection and reasonable accommodation as confirmed by the attached medical statement from Dr. Mueller dated August 17, 2010.

Conclusion

It is medically impossible for Plaintiff (Appellant) to comply with district court procedure without the requested protection and the requested reasonable accommodation. It is patently unfair to refuse to grant protection and reasonable accommodation, and then sanction the requester for failing to comply when it is medically impossible to do so.

The terms of the policy contract and the law are clear: the defendant's (Appellee's) Insurers have an obligation to Plaintiff (Appellant), and an obligation and duty to the

Plaintiff (Appellant) as a shareholder and policy owner. The district court has a legal obligation to grant protection and reasonable accommodations to the disabled Plaintiff.

Dated: September 8, 2010

I affirm that Notice of this Status Report was submitted to Rachael Yates of Holland and Hart via email to: RYates@hollandhart.com

s/ Tina Garcia

Tina Garcia
7664 S. Humboldt Street
Centennial, CO 80122
Tgarcia05@law.du.edu
303-909-3878

## Attending Physician's Statement

Patient's Name: TINA GARCIA      Policy # _____      File # 50974

1. Conditions causing work impairment: Brain damage due to traumatic car accidents on 20 Sept. 2002 and 20 August 2009. PTSD augments this.

2. Dates of treatment (please list all dates since last report and place of service)
   3-16-2010, 4-29-10, + 8-17-2010

3. Is patient still under your care for this condition? ☑ Yes ☐ No    Discharge date _____

4. Is the patient prevented from working presently as a result of the medical conditions described above?
   ☑ Yes ☐ No

5. If yes, is the patient: (choose a or b)
   a) ☑ completely unable to work
   b) ☐ partially unable to work

6. Since the filing of the last report, the following restrictions to the patient's activities have been added / removed.
   Financial and litigation stress continue to worsen her stability

7. Are there any other reasons preventing the patient from working? Brain damage only.

8. Please describe any changes in the patient's medical condition and work capabilities since the last report given:
   No significant changes.

9. Prognosis for return to work  ☐ 1-3 months  ☐ 3-6 months  ☐ 6-12 months  ☑ more than 12 months

10. Is the patient competent to endorse checks and direct the use and proceeds thereof? ☑ Yes ☐ No

Remarks: Resolution of her financial and legal problems should help her to improve.

Physician's Name (print): DAVID J. MULLER MD
Signature: David J. Muller MD
Street address: 165 Cook St #100
Date: 8-17-2010
City: Denver, Co. 80206
Telephone #: 303-321-0738
State & Zip Code:
Best time to call: Tues-Thursday 9-5:30 PM

FOR YOUR PROTECTION, STATE LAWS REQUIRE THE FOLLOWING STATEMENT TO APPEAR ON THIS FORM:
Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading information concerning any fact material thereto, may be committing a fraudulent insurance act, which is a crime and subject to criminal prosecution, substantial civil penalty and the stated value of the claim for each such violation.

## AFFIDAVIT OF STEPHEN GREGORY HIPSKIND MD PhD

I, Stephen Gregory Hipskind, MD PhD, being first duly sworn upon my oath, state as follows based upon personal experience:

1. I am a Medical Doctor licensed in Colorado and Washington, with offices at 7000 S Yosemite St, Suite 280, Denver, CO 80202. 303-476-6200.

2. I received my medical degree and my doctorate in neurophysiology from the St. Louis University School of Medicine. I completed a neurology internship at the University of California San Diego and a residency in family medicine at the University of Colorado Health Science Center. I am a certified nuclear neurologist.

3. I have lectured, consulted, and advised judges in the science of brain SPECT imaging and its established and emerging applications as outlined in the attached CV resume.

4. I have authored and published in the interpretation of brain SPECT imaging and its established and emerging applications, including medical text and research material.

5. I am certified as a legal expert in physical brain injury and the interpretation and correlation of brain SPECT imaging in several states listed on the attached CV.

6. I have been asked to opine if Ms. Garcia was capable of creating the images and documents alleged (see attached), based on the evidence of physical brain injury as noted on her brain SPECT imaging.

7. Based on her brain SPECT images, it is clear that Ms. Garcia has both focal and diffuse brain injury to the frontal, temporal and parietal lobes as well as the brainstem. The areas of significant brain injury correlate with objective medical tests, the physician reports of the patient's symptoms, and extensive neuropsychological testing performed after Ms. Garcia was rear ended in a motor vehicle accident in September 2002.

8. I performed a review of Ms. Garcia's records including, but not limited to, a review of her various neuropsychological tests and profiles, her various neurological and vocational assessment evaluations, her various brain imaging studies and related court documents. In addition, I performed a clinical interview with the patient and personally reviewed her brain SPECT findings.

9. It is my medical opinion, which I state with both a reasonable degree of medical certainty and on a more probable than not basis, that Ms. Garcia's physical brain injuries involve areas of that brain that significantly impact her visuospatial, language, technical graphic, perception, and motor coordination skills to the point of absolutely precluding her cognitive ability to have created the alleged alterations and documents. My opinion is confirmed by the neuropsychological test data that shows she lacks the necessary personality profile which would motivate her to perform such an illegal act even if she were cognitively capable of such.

10. I join the opinion of Dr. David John Muller, MD, that imminent harm is provably certain if disability benefits are withheld preventing access to specialized, multi-trauma brain injury medical care related to a secondary concussion caused by another rear end collision on August 20, 2009.

11. I am prepared to testify at a hearing on the urgency this matter and the seriousness of Ms. Garcia's recently compounded physical brain injury. Should you have any questions or concerns regarding my statements, please feel free to contact me: 303-476-6200.

Further affiant sayeth naught.

_Stephen Gregory Hipskind, MD PhD_

State of Colorado      )
                       )ss.
County of Denver       )

The foregoing instrument was subscribed and sworn to before me this 30th day of October, 2009 by Stephen Gregory Hipskind, an individual.
Witness my hand and Official seal.

My Commission Expires:

PAMELA J. DORSETT
Notary Public
State of Colorado
My Commission Expires January 31, 2013